# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-411-RJC-DCK

| | |
|---|---|
| MICHAEL ALLEN, as Administrator of the Estate of Juventino Mata Hernandez, <br><br> Plaintiff, <br><br> v. <br><br> USA HOIST COMPANY, INC., GILBANE, INC., CAROLINA ELEVATOR SERVICE, INC., and GILBANE BUILDING COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **CONSENT CONFIDENTIALITY ORDER** |

Whereas, the parties to this Consent Confidentiality Order, have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this order; **IT IS, THEREFORE, ORDERED**:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation.

Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents

without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has been provided a copy of the Order and notified of its application to them. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated

CONFIDENTIAL pursuant to this Order, so long as they are provided a copy of this Order with the documents and are informed that they are bound by the Order:

    (1)    counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

    (2)    parties and employees of a party to this Order;

    (3)    court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

    (4)    consultants, investigators, adjusters, insurance representatives or experts employed by the parties or counsel for the parties or acting on behalf of the parties to assist in the preparation, evaluation and trial of the lawsuit; and

    (5)    deponents, witnesses, or any other persons to whom counsel reasonably believes that the provision of the material marked as CONFIDENTIAL will aid in the prosecution or defense of the present action.

    c.    **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.

    d.    **Copies.**  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6.    **Filing of Confidential Materials.**  In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action

3

Case 3:20-cv-00411-RJC-DCK   Document 32   Filed 01/12/21   Page 3 of 9

to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge:

   a. The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated as CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be

resolved without judicial intervention and, if not, to move for an Order confirming the CONFIDENTIAL designation.

c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

(2) the court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Treatment on Conclusion of Litigation.** Order Remains in Effect. All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

10. **Order Subject to Modification.** This order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall

be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

    12.    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all parties in the above referenced action, their counsel of record, and their respective law firms.

**IT IS SO ORDERED.**

Signed: January 12, 2021

David C. Keesler
United States Magistrate Judge

**SO MOVED AND CONSENTED:**

*/s/Christopher M. Kelly*
Christopher M. Kelly (N.C. Bar #24346)
Caroline B. Barrineau (N.C. Bar # 51571)
GALLIVAN, WHITE & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28210
(704) 552-1712 – Phone
(704) 362-4850 – Fax
ckelly@gwblawfirm.com
cbarrineau@gwblawfirm.com

*Attorneys for Defendant,*
*USA Hoist Company, Inc.*


**WE CONSENT**:


*/s/Amanda A. Mingo*
Amanda A. Mingo
RAWLS, SCHEER, CLARY & MINGO, PA
1011 East Morehead Street, Suite 300
Charlotte, NC 28204
(704) 376-3200 – Phone
(704) 376-2716 – Fax
Amingo@rscmlaw.com

and


*/s/Fred W. DeVore, III*
Fred W. DeVore, III
DEVORE, ACTON & STAFFORD, PA
438 Queens Road
Charlotte, NC 28207
(704) 377-5242 – Phone
(704) 332-2825 – Fax
fdevore@devact.com

*Attorneys for Plaintiff*

**WE CONSENT**:

*/s/Gregory C. York*
Gregory C. York
YORK WILLIAMS, LLP
115 N. Torrence Street
Charlotte, North Carolina 28204
(704) 731-7765 – Direct
(704) 375-6895 – Fax
gyork@yorkwilliamslaw.com

*Attorney for Defendant,*
*Carolina Elevator Service, Inc.*


**WE CONSENT**:

*/s/David L. Brown*
David L. Brown
GOLDBERG SEGALLA
800 Green Valley Road, Suite 302
Greensboro, NC 27408
(336) 419-4902 – Direct
(336) 419- 4950 – Fax
Email: dbrown@goldbergsegalla.com

*Attorneys for Defendants,*
*Gilbane, Inc. and Gilbane Building Company*

ATTACHMENT A
# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MICHAEL ALLEN as Administrator for the Estate of Juventino Mata Hernandez,<br><br>Plaintiff,<br><br>v.<br><br>USA HOIST COMPANY, INC.; CAROLINA ELEVATOR SERVICE, INC.; GILBANE BUILDING COMPANY and GILBANE, INC.,<br><br>Defendants. | **CERTIFICATION OF COUNSEL OF DESIGNATION OF MATERIAL AS CONFIDENTIAL** |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Consent Confidentiality Order entered in this action which is dated _____, 2021.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Consent Confidentiality Order.

I am admitted to the Bar of the United States District Court for the Western District of North Carolina.

☐ I am a member of the Bar of the State of North Carolina. My Bar number is _____.

☐ I am not a member of the Bar of the State of North Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____.

I understand that by completing this certification I am submitting to the jurisdiction of the State of North Carolina and the United States District Court for the Western District of North Carolina as to any matter relating to this certification.

_____  
Date

_____  
Signature of Counsel

_____  
Printed Name of Counsel

9

Case 3:20-cv-00411-RJC-DCK   Document 32   Filed 01/12/21   Page 9 of 9