# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-411-RJC-DCK

**MICHAEL ALLEN as Administrator for the Estate of Juventino Mata Hernandez,**

    Plaintiff,

  vs.

**USA HOIST COMPANY, INC.;**
**CAROLINA ELEVATOR SERVICE, INC.;**
**GILBANE BUILDING COMPANY and**
**GILBANE, INC.,**

    Defendants.

    **THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion . . . For Entry Of A Protective Order" (Document No. 36) and the parties' "Proposed Consent Protective Order" (Document No. 36-2). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

    **IT IS, THEREFORE, ORDERED** that Plaintiff's Motion . . . For Entry Of A Protective Order" (Document No. 36) is **GRANTED**. The parties proposed order is adopted and entered as follows:

# CONSENT PROTECTIVE ORDER

Plaintiff and Defendants, pursuant to Federal Rule of Civil Procedure 26(c), hereby enter this Consent Protective Order to preserve the confidentiality of certain requested documents and photographic and video evidence obtained by the North Carolina Department of Labor ("DOL") regarding the death of Juventino Mata Hernandez that occurred on 23 May 2018. The parties agree to be bound by and abide by the terms of this Order.

**IT IS THEREFORE ORDERED**:

1. That all documents, data, testing results, investigation, reports and photographic and video documentation of the DOL's investigation of the death of Juventino Mata Hernandez that occurred on 23 May 2018, of any nature, shall be covered by the terms of this Order. This order shall apply to such documents already exchanged as well as those documents, photos and video to be exchanged.

2. The documents which DOL provides subject to this Order shall be labeled: "Confidential – Subject to Protective Order". Each party retains the right to challenge the confidential designation of any particular document and to have the Court determine its proper designation.

3. Except as may be otherwise provided by further order of the Court, protected information and documents designated as confidential ("confidential documents"), as well as the matters contained therein and extracts and summaries thereof, shall be used for no other purpose than prosecuting or defending this action and shall be disclosed only to the persons identified herein.

4. Except as provided in paragraph 6, access to or use of protected information or any confidential documents, or any part thereof, as well as matters contained therein, shall be limited to:

    a. The Court;

    b. The parties and their officers, employees, and agents who are providing assistance to counsel in this action;

    c. The attorneys of record for the parties, their associates, assistants, employees, and agents who are providing assistance to counsel in this action;

    d. Mediators;

    e. Consultants and experts involved in the preparation of the trial of this action;

    f. Court reporters, their transcribers, assistants, and employees;

    g. Any deponent or trial witness to the extent that it is necessary to tender to such witness a confidential document to elicit testimony relevant to the matters at issue in this case; and

    h. Members of the jury to the extent that it is necessary for the jury to inspect a confidential document.

5. Absent a court order authorizing disclosure, no one subject to this Order shall make public or disclose protected information or confidential documents to anyone other than the persons listed in paragraph 4, provided that nothing herein shall preclude a witness, attorney, or the Court from reading aloud or discussing the contents of a confidential document in open court or at depositions. The terms of this Order shall apply to all persons listed in paragraph 4, and counsel who grant any such person access to protected information or confidential documents shall

have an affirmative duty to furnish the person with a copy of this Order. Individuals permitted access to protected information or confidential documents are hereby ordered not to convey or otherwise reveal said information or documents – whether originals or copies, in whole or in part – to anyone who would not otherwise have access to them under this Order.

6. Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or as constituting attorney work product materials.

7. This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

8. At the conclusion of this litigation, copies of confidential documents will be retained by counsel in accordance with the Rules of the North Carolina State Bar. Following the required period of retention, counsel shall destroy all confidential documents or copies of confidential documents that have been produced subject to this Protective Order. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

10. Each party shall be responsible for its own mailing costs with regard to the return of the documents provided pursuant to this agreement, or costs of destruction.

**SO ORDERED**.

Signed: May 17, 2021

David C. Keesler
United States Magistrate Judge