# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-411-RJC-DCK

| | |
|---|---|
| MICHAEL ALLEN, as Administrator for the Estate of Juventino Mata Hernandez, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>) |
| USA HOIST COMPANY, INC.; CAROLINA ELEVATOR SERVICE, INC.; GILBANE BUILDING COMPANY; NC DEPT OF LABOR; and GILBANE, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion To Allow Filing Of Documents Labeled 'Confidential' Under Seal And For Extension Of Time To File Response To Gilbane Motion For Summary Judgment Pending Ruling On Motion" (Document No. 53) filed August 6, 2021. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will <u>grant</u> the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1**  **SEALED FILINGS AND PUBLIC ACCESS.**

**(a)**  *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

> **(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)** A non-confidential description of the material sought to be sealed;
>> **(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>> **(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met. The NCDOL report that Plaintiff seeks to file under seal was marked as "Confidential" by Defendants Gilbane Building Company and Gilbane, Inc. (collectively, "Gilbane") pursuant to the "Consent Confidentiality Order" (Document No. 32), and it therefore should appropriately be sealed.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Allow Filing Of

Documents Labeled 'Confidential' Under Seal And For Extension Of Time To File Response To Gilbane Motion For Summary Judgment Pending Ruling On Motion" (Document No. 53) is **GRANTED**. The NCDOL report marked as "Confidential" by Defendant Gilbane and Plaintiff's response to Defendant Gilbane's Motion For Summary Judgment that will reference the report shall remain under **SEAL** until otherwise ordered by this Court.

    **IT IS FURTHER ORDERED** that Plaintiff shall have a short extension of three days from the date of this Order to file its response to Defendant Gilbane's "Motion For Summary Judgment" (Document No. 50).

Signed: August 9, 2021

David C. Keesler
United States Magistrate Judge